IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYNALDO AGUERO | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0140-L |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Reynaldo Aguero, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

Petitioner pled guilty to aggravated robbery and was sentenced to 35 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Aguero*, No. 64,838-01 (Tex. Crim. App. Jun. 14, 2006). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; (2) the indictment was defective; and (3) his confession was coerced.

By order dated February 9, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner

addressed the limitations issue in a written response filed on March 2, 2007. The court now determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 35 years in prison for aggravated robbery. Judgment was entered on May 9, 2005 and no appeal was taken. Therefore, petitioner's conviction became final 30 days

thereafter on June 8, 2005. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on May 1, 2006. The writ was denied on June 14, 2006. Petitioner filed this action in federal court on January 22, 2007.[1]

The AEDPA statute of limitations started to run on June 8, 2005 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from May 1, 2006 to June 14, 2006, a total of 44 days, while a properly filed application for post-conviction relief was pending in state court. Even allowing for this statutory tolling period, petitioner still waited more than one year to file his federal writ. Petitioner offers no explanation to justify this delay. Instead, he urges the court to grant equitable relief because there was "manifest constitutional error by the state in this case that compromised [his] right to a fair trial." (*See* Pet. Reply at 2). Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Without a sufficient basis for tolling the AEDPA statute of limitations, this case is time-barred.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after

---

[1] Ordinarily, a federal habeas petition is considered filed on the date it was delivered to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). However, petitioner did not sign or date his habeas petition. Under these circumstances, the operative filing date for limitations purposes is the date the petition was received by the district clerk. *See Turner v. Johnson*, No. 3-01-CV-0067-X, 2001 WL 391564 at *2 n.3 (N.D. Tex. Apr. 13, 2001), *rec. adopted*, 2001 WL 513420 (N.D. Tex. May 9, 2001).

being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 7, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE